UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

VALERIE GAUDINO,
                              Plaintiff

-vs-

CAROLYN W. COLVIN, Acting Commissioner
of Social Security,
                              Defendant.
_____

DECISION AND ORDER

10-CV-6656 CJS

APPEARANCES

| | |
|---|---|
| For the Plaintiff: | Mark M. McDonald, Esq.<br>Bond McDonald & Lehman<br>91 Genesee Street<br>Geneva, New York 14456 |
| For the Defendant: | Kathryn L. Smith, A.U.S.A.<br>United States Attorney's Office<br>100 State Street<br>Rochester, New York 14614 |

INTRODUCTION

     This began as an action brought pursuant to 42 U.S.C. § 405(g) to review the final determination of the Commissioner of Social Security ("Commissioner" or "Defendant"), which denied the application of Valerie Gaudino ("Plaintiff") for Social Security disability benefits. Now before the Court is Plaintiff's application (Docket No. [#15]) for an award of attorney's fees pursuant to 42 U.S.C. § 406(b)(1). The application is granted.

1

PROCEDURAL HISTORY

On February 3, 2012, the Court issued a Decision and Order [#12] granting Plaintiff's motion for judgment on the pleadings, pursuant to 42 U.S.C. § 405(g), sentence four, and remanding this action to the Commissioner for further administrative proceedings. Thereafter, the parties stipulated that Plaintiff's attorney should receive a fee award in the amount of $4,303.25, pursuant to the Equal Access to Justice Act ("EAJA"). Subsequently, on remand, the Commissioner found Plaintiff to be disabled, and awarded her past-due benefits in the amount of $60,124.00.

On August 7, 2013, Plaintiff's counsel filed the subject application for an award of attorney's fees, in the amount of $15,031.00. Movant asserts that the following factors support such an award: 1) he took the case on a contingency basis, against the risk that he might recover nothing; 2) he is an experienced litigator in the field of Social Security Disability law; 3) he received an excellent result for his client in this action; 4) he spent a total of 39.05 hours representing Plaintiff (27.45 hours before this Court and 11.6 hours at the administrative level); 5) the fee being sought is reasonable in light of all the foregoing factors; 6) he will refund the smaller of the two fee awards, that is, the EAJA award, to his client, *see, e.g., Wells v. Bowen*, 855 F.2d 37, 42 (2d Cir. 1988) ("dual fee applications are not improper as long as the lesser of any two amounts awarded goes to the attorney's client."); and 7) the total fee requested does not exceed 25% of the past-due benefits awarded to Plaintiff.

On August 14, 2013, the Commissioner filed a response which, while not specifically opposing the fee application, observes that if the requested fee were based solely on the hours that Plaintiff's counsel spent litigating before this Court, excluding the

time that he spent before the administrative body, it would reflect an hourly rate of "approximately $628.91." The Commissioner indicates that while she "has no objections to counsel's request for attorney fees," the Court should nevertheless "review" the request to be sure that it is reasonable.

DISCUSSION

The general legal principles governing fee applications under 42 U.S.C. § 406(b)(1) are well-settled:

> 42 U.S.C. § 406(b) provides in relevant part that in cases where a plaintiff has received a favorable judgment, the court may award a reasonable fee to the plaintiff's attorney, provided that the fee does not exceed 25% of the total past-due benefits awarded to the plaintiff. In determining whether or not a fee sought pursuant to a contingent-fee agreement is reasonable, courts are to give deference to the freely negotiated expression both of a claimant's willingness to pay more than a particular hourly rate and of an attorney's willingness to take the case despite the risk of nonpayment.[1] Courts, however, must also balance the interest in protecting claimants from inordinately large fees against the interest in ensuring that attorneys are adequately compensated so that they continue to represent clients in disability benefits cases. Finally, a court reviewing a fee application must ensure that the requested fee is not so out of proportion with the time spent by counsel on the matter that the award would result in a windfall for the attorney. Although the court may not award fees for work performed by counsel at the administrative level, the court may consider the time spent by counsel at the administrative level in determining the over-all reasonableness of the contingency fee agreement.[2]

*Thall v. Barnhart*, No. 06-CV-6177T, 2008 WL 4104523 at *1 (W.D.N.Y. Aug. 29, 2008) (Telesca, J) (citations and internal quotation marks omitted).

---

[1] *See, Wells v. Bowen*, 855 F.2d at 45 ("The SSA fee provision itself recognizes that fee arrangements in this area of practice typically are based on a percentage of any past-due benefits ultimately received by the client. Given that reality, and the very real prospects of failure inherent in this field of practice, any reasonable fee must reflect the risks of loss and nonpayment. Otherwise, the fees would not realistically reflect the prevailing market conditions in this entire class of cases and the consequent availability of competent representation.") (citation and footnote omitted).

[2] Considering that Plaintiff's counsel spent a total of 39.05 hours representing Plaintiff, the requested fee represents an approximate rate of $385.00 dollars per hour.

3

Considering all of the factors cited above by Plaintiff's counsel, the Court agrees that such fee is reasonable under the particular circumstances presented here.

CONCLUSION

For the reasons set forth above, Plaintiff's application [#15] for attorney's fees under 42 U.S.C. § 406(b)(1) in the amount of $15,031.00 is granted. Plaintiff's counsel shall pay the amount of the EAJA award, $4,303.25, to Plaintiff.

So Ordered.

Dated: Rochester, New York
August 29, 2013

ENTER:

*/s/ Charles J. Siragusa*
CHARLES J. SIRAGUSA
United States District Judge